[L. A. No. 1685. Department One.—July 30, 1906.]

J. E. JENISON, Appellant, v. HENRY REDFIELD et al., as Directors of Walnut Irrigation District, and as Individuals, Respondents.

IRRIGATION DISTRICT—RIGHTS OF ASSESSED OWNER—USE OF WATER FOR OUTSIDE LANDS.—An assessed owner of land entitled to the use of water in an irrigation district, and as assignee of the water-right of another owner, is not entitled to receive from the irrigation district any portion of his share of water for use on lands owned by him outside of the boundaries of the district; and he cannot maintain an action for damages for refusal of the directors of the irrigation district to distribute water for such use.

ID. — OBJECT OF LAW FOR ORGANIZATION OF IRRIGATION DISTRICTS — RECLAMATION OF LANDS BY PUBLIC CORPORATION.—The whole object of the legislation authorizing the organization of irrigation districts is to enable owners of lands susceptible of irrigation from a common source and by the same system of works to form a district composed of such lands, which district when formed is a public corporation for the sole purpose of obtaining and distributing such water as may be necessary for the irrigation thereof, thus enabling each one to have for his land in the district the benefit of a common system of irrigation, and bringing about the reclamation of the land of the district from aridity to a condition of suitability for cultivation.

ID.—ACTION FOR DAMAGES FOR REFUSAL TO APPORTION WATER FOR OUTSIDE LANDS — USER FOR FIVE YEARS — PLEADING — EVIDENCE.—An allegation in the complaint in an action for damages for refusal of an irrigation district to apportion part of plaintiff's share of water due from the irrigation district to the irrigation of his land outside the district, that he had claimed the right to use and had used under such claim upon such land more than three fourths of the water allotted to him, and that such use had been adverse to the irrigation district, and with its full knowledge, was properly stricken from the complaint as irrelevant, and evidence offered in support thereof was properly excluded. If it be assumed that the statute of limitations can run against an irrigation district, plaintiff could not establish a right by prescription in such action to such use of the allotted water, and the allegation made cannot afford him any ground upon which to insist upon the continuance of the unwarranted use.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Kendrick & Knott, for Appellant.

J. H. Ardis, and Stephens & Stephens, for Respondents.

ANGELLOTI, J.—This is an action for damages alleged to have been suffered by plaintiff, a landowner of Walnut Irrigation District, by reason of the failure and refusal of defendants, directors of said district, to distribute and apportion to him his proportion of the water of said district. Defendants had judgment, and plaintiff appeals from such judgment, and also from an order denying his motion for a new trial.

Walnut Irrigation District is a public corporation organized under what is known as the Wright Act (Stats. 1887, p. 29) and the acts supplementary thereto. (See act of 1897, Stats. 1897, p. 254.) Plaintiff is the owner of thirty-eight acres of land within the boundaries of said district, assessed on the last assessment of the property of the district at four thousand one hundred dollars, and is also an assignee of the right to the water of one J. H. Burke, who owns thirty acres in said district, assessed at three thousand dollars. The total assessed value of the property of the district was $94,450. Under the provision of the statute that "all waters distributed for irrigation purposes shall be apportioned ratably to each landowner upon the basis of the ratio which the last assessment of such owner for district purposes within said district bears to the whole sum assessed upon the district; provided, that any landowner may assign the right to the whole or any portion of the waters so apportioned to him" (sec. 18 of act of 1897, Stats. 1897, p. 259), plaintiff, as owner and assignee of Burke, was entitled to 7100-94450 of the waters of the district distributed for irrigation purposes.

It appears that plaintiff owned considerable land outside of said district, upon which he had planted alfalfa and walnuts, and the real question presented by this case is as to whether he was entitled to receive from defendants any portion of his share of water for use upon said land without the boundaries of the district. There is no pretense that he was ever denied water for use upon such of his land as was within the district, and unless he was entitled to have the water to the extent of

his share for the sole purpose of carrying the same beyond the limits of the district and irrigating lands outside thereof, the defendants in no respect failed or refused to apportion and distribute to him any water to which he was entitled. All the damage alleged—viz. nine hundred dollars—was damage arising by reason of the failure to have the water on land lying outside of the district. The trial court found that the defendants had not failed or refused to deliver any water to which he was entitled, and refused to admit evidence as to damage to plaintiff's land lying outside of the district by reason of lack of water, and these rulings present for determination the question already stated.

It is apparent that to sustain the claim of plaintiff, it must be held that the effect of our statutes relative to irrigation districts, is to make each owner of land within a district the absolute owner of the proportionate share of the water of the district to which his land entitles him, to do with as he sees fit, even to the extent of diverting all thereof from the irrigation of lands within the district.

It seems very clear that such a conclusion would be opposed to the whole plan or scheme of the legislation for irrigation districts, converting a district organized, acquiring and holding water solely for a certain specified purpose—viz. the procuring and furnishing of water for the improvement by irrigation of the lands included therein, into a mere agency for the distribution of its water to individuals for use by them outside the district for any purpose whatever. Under plaintiff's theory, the use to which the water is to be appropriated is entirely immaterial, and the irrigation district is, in effect, although constituted and avowedly acquiring its water for an entirely different purpose, nothing more or less than an ordinary water company, the original absolute owners of the property of which are the landowners, each owning such proportion thereof as the value of his land entitles him to, and at liberty to deal with it as he sees fit, without regard to the improvement of the land of the district. He may retain it, and use the water for any purpose and in any place, or he may transfer it to any other person for any kind of use, and thereupon such transferee succeeds to his rights and becomes entitled to the water. Such a construction of the provisions of the Irrigation Act entirely ignores the object of its enactment.

The whole object of the legislation authorizing the organization of irrigation districts is to enable owners of lands susceptible of irrigation from a common source, and by the same system of works, to form a district composed of *such lands,* which district when formed is a public corporation for the sole purpose of obtaining and distributing such water as may be necessary for the irrigation *thereof,* thus enabling each one to have for his land in the district, the benefit of a common system of irrigation, and bringing about the reclamation of the land of the district from aridity to a condition of suitability for cultivation. It was recognized that without such a common system the individual landowners might be unable to obtain water for the irrigation of their lands, and that a work which would be for the public benefit and general welfare—viz. the reclamation from aridity of large portions of the lands of the state— might never be accomplished if left to individual enterprise. The irrigation district legislation, under which a public municipal corporation may be created for the purpose of furnishing water for the irrigation of the land within the district, has been sustained upon the same ground as has the levee and reclamation district legislation, which is, in effect, that the *land* included within the limits of such a district, requires, by reason of its situation and condition, the protection or reclamation thus made possible, and that it is for the public welfare that such protection or reclamation should be afforded such land. (See *In re Madera Irr. Dist.,* 92 Cal. 296, 311-318, [27 Am. St. Rep. 106, 28 Pac. 272, 675].)

The ultimate purpose of a district organized under the Irrigation Act *is the improvement, by irrigation, of the lands within the district.* It can, under the law, be organized and exist and acquire property only for such purpose. This we think is so clearly apparent as not to require further discussion here. Such a district holds all property acquired by it solely in trust for such ultimate purpose, and can divert it to no other use. (See sec. 29 of the act of 1897, Stats. 1897, p. 263.) It has to do solely with the irrigation of lands within the district, and cannot appropriate water to any other purpose. The right of a landowner of the district to the use of the water acquired by the district is a right to be exercised in consonance with and in furtherance of such ultimate purpose, —viz. for the improvement by irrigation of lands within the

district,—and in no other way. His right is always in subordi-. nation to the ultimate purpose of the trust. So far as he proposes to use the water for the irrigation of lands within the district, he is proposing to use it in furtherance of the purpose of the trust, and is entitled to have distributed to him for that purpose such proportion as his assessment entitles him to. (Sec. 18, act of 1897, Stats. 1897, p. 259.) To this extent only can he be held to be the owner of any share or portion of the water, except that, by virtue of the proviso of section 18 (Stats. 1897, p. 259), he may assign the right to the whole or any portion of the share to which he is entitled. This does not mean, however, that he may make an effectual transfer of his share, free from the trust by which it is encumbered. It still remains subject to that trust, and therefore can be used only for the irrigation of lands within the district, and the irrigation district has no authority to distribute it for any other purpose. The right of assignment conferred by the act on a landowner is limited by the whole policy of the statute to an assignment for irrigation within the limits of the district. We do not understand the contrary to have been held in *Board of Directors* v. *Tregea,* 88 Cal. 334, 353, [26 Pac. 237].

We are satisfied that plaintiff was not entitled, either as owner or assignee of Burke, to have any water distributed to him by the defendants for use upon land without the limits of the district. As already stated, the record does not show that he has ever been denied water for use upon his land within the district.

Plaintiff alleged in his complaint that for more than five years prior to the refusal of defendants to apportion and distribute to him water for the irrigation of his land outside the district, he had claimed the right to use and had used under such claim upon such land, more than three fourths of the water allotted to him, and that such use by him had been adverse to the irrigation district and with its full knowledge. This allegation was, on motion of defendants, stricken from the complaint as irrelevant, and evidence offered in support thereof on the trial was excluded. There was no error in these rulings. If it be assumed that the statute of limitations runs against such a district, plaintiff could not establish title by prescription to this water as against the district in this action, and such plainly was not the object of the allegation or offered

evidence.    The allegation is not that he ever claimed to own the water as against the district, or in any other capacity than as a landowner of the district, but simply that he had claimed the right, as such landowner, under the law governing such districts, to use his share of the water on the lands outside the district, and had so used it for five years under such claim and with the knowledge of the district.    This could not give him any right by prescription to such use of the water, or afford him any ground upon which he could insist upon a continuance of the unwarranted use.    It was wholly irrelevant in this action.

In view of our conclusion upon the main question presented and already discussed, the other specifications of error in the record are immaterial, and require no discussion.

The judgment and order are affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.