(February 6, 1913.)

F. J. COLBURN, Respondent, v. R. B. WILSON et al., Defendants, and C. L. TALMADGE, Intervenor and Appellant.

[130 Pac. 381.]

IRRIGATION DISTRICTS—IRRIGATION DISTRICT LAW—INCOMPLETE CONTRACT—ACTS ULTRA VIRES—RIGHT OF CONDEMNATION.

1. Contract in this case examined, and *held* so imperfect, indefinite and incomplete as to render it impossible for a court to enter a decree for its enforcement or determine its real terms and provisions.

2. An irrigation district is a *quasi*-municipal corporation, organized for the specific purpose of providing ways and means of irrigating lands within the district and maintaining an irrigation system for that purpose.

3. A contract entered into by the board of directors of an irrigation district, giving to a stranger the management and control of the reservoir, dam and main canal, and taking that management and control out of the district, would be *ultra vires* and void.

4. As to whether the right to enlarge a canal belonging to an irrigation district for the purpose of carrying an additional volume of water for power purposes might be condemned by an individual or another district, *quaere.*

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to enjoin the directors of an irrigation district from attempting to carry out a certain alleged contract, on the ground the same was *ultra vires.* The third party intervened. Judgment for the plaintiff and intervenor appealed. *Affirmed.*

Richards & Haga and McKeen F. Morrow, for Appellant.

Irrigation districts are formed for the sole purpose of obtaining and distributing water for the irrigation of the lands within the district, and the irrigation district law will be given a liberal construction so as to sustain contracts having for their object the increasing of the water supply and reducing

the maintenance charges to the land owners, and which do not incur obligations on the part of the district, or in any way hinder or prevent it from discharging its duty to the land owners and from carrying out the purposes for which it was created. (*Jenison v. Redfield,* 149 Cal. 500, 87 Pac. 62; *Settlers' Irr. Dist. v. Settlers' Canal Co.,* 14 Ida. 504, 94 Pac. 829; *South Pasadena v. Pasadena Co.,* 152 Cal. 579, 93 Pac. 490; 2 Wiel on Water Rights, 3d ed., p. 1255; 3 Kinney on Irrigation, 2d ed., sec. 1387.)

The board of directors of irrigation districts are empowered by sec. 2386, Rev. Codes, as amended, to "do any and every lawful act necessary to be done that sufficient water may be furnished to each land owner in said district for irrigation purposes," and a contract made by the board, which is not expressly prohibited by law, which will increase the amount of water which the district may distribute to the land owners for irrigation purposes, and reduce the maintenance charge, is not *ultra vires* or void. (1 McQuillin, Municipal Corporations, secs. 376, 377; *Bridgeport v. Housatonic R. R. Co.,* 15 Conn. 475, 501; 28 Cyc. 634, 635, and cases there cited.)

Wood & Driscoll, for Respondent.

The board of directors of an irrigation district has precisely the powers expressly given it by the statute and no others, and the power to make the present contract has not been given by statute, and it is in fact expressly prohibited. (Sec. 2392, Ida. Rev. Codes; *Lincoln and Dawson County Irr. Dist. v. McNeal,* 60 Neb. 613, 83 N. W. 847–849; *Mitchell v. Patterson,* 120 Cal. 286, 52 Pac. 589; *Stimson v. Allessandro Irr. Dist.,* 135 Cal. 389, 67 Pac. 496, 1034.)

An irrigation district is a public or *quasi*-municipal corporation. (*Pioneer Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304; *City of Nampa v. Nampa etc. Dist.,* 19 Ida. 779–787, 115 Pac. 979; *Boehmer v. Big Rock Creek Irr. Dist.,* 117 Cal. 19, 48 Pac. 908; *Merchants' Nat. Bank v. Escondido Irr. Dist.,* 144 Cal. 329, 77 Pac. 937.)

Sec. 2387 of the codes provides that the legal title to all property of the district vests in the district, and is held in

...it is not yet a co...

...se, the irrigation district is a *quasi*-muni-...on organized for the specific purpose of provid-...d means of irrigating lands within the district ...aining an irrigation system for that purpose. ...*Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304; *City* ...*mpa v. Nampa & Meridian Irr. Dist.,* 19 Ida. 779, 115 ...979; *Merchants' Nat. Bank v. Escondido Irr. Dist.,* 144 ...l. 329, 77 Pac. 937.) A contract by the board of directors ...r such a district giving to others the management or control of any part of the system and taking that management and control out of the hands of the district board would be *ultra vires* and void. The instrument involved in this case is not a completed contract, and provides upon its face that it is to be completed at some future time. It is signed by the board of directors of the district as parties on the one hand and appellant as the other party to the contract. By this con-

...rmine W...

...announced by this court in P...
Ida. 116, 100 Pac. 1046, 18 Ann. Cas. o...

The judgment will be affirmed, and it is s...
awarded in favor of respondents.

Stewart, J., concurs.

Petition for rehearing denied.

trust for and set apart to the uses and purposes set forth in the title to which the section is a part and the use of a private individual for power purposes does not there appear. The board of directors is authorized to hold, use, acquire, manage, occupy and possess the same, but nowhere are they given the power to dispossess themselves or the district of any part of the property, much less to dispose entirely of any property vested in the district. (*Hart v. Burnett,* 15 Cal. 531; *Merchants' Bank v. Escondido Irr. Dist., supra; Tulare Irr. Dist. v. Collins,* 154 Cal. 440, 97 Pac. 1124; *Jenison v. Redfield,* 149 Cal. 500, 87 Pac. 62; 3 Dillon on Mun. Corp., 5th ed., sec. 1102; 28 Cyc. 624 (d).)

AILSHIE, C. J.—The judgment in this case should be affirmed.

In the first place, the contract is so imperfect, indefinite and incomplete as to render it impossible for a court to enter a decree for its enforcement or to determine its real terms and provisions. It provides on its face that it is to be completed at some future time and that it is ... completed contract.

In the second plac... cipal corporatio... ing ways an... and maint... (*Pionee...* of *Na...* Pac... Ca...

tract it is proposed to place the management and control of the dam and reservoir and a certain part of the main canal which supplies the water users of the district in the hands and under the management of a stranger, for his specific use and to the apparent exclusion of the district, and thereby surrender the authority of the district over its property which under the law it holds as trustee for the water users within the irrigation district. Such a contract would be contrary to the policy of the law creating the municipality, for the reason that it would afford a method of placing the dam and reservoir and distributing works in the hands of adverse or unfriendly interests.

As to whether the right to enlarge a canal belonging to an irrigation district for the purpose of carrying an additional volume of water might be condemned by an individual or another district is a question not involved in this case and one upon which we express no opinion here.

Owing to the incompleteness of the contract here involved, the facts of the case are not sufficiently before us to enable us to deter____ _____ _hether this case would fall within the rule ____ ___ _____ _____ *Portneuf Irr. Co. v. Budge*, 16 ____ 674.

____ ordered. Costs