(No. 6002.   July 6, 1933.)

LEWISTON ORCHARDS IRRIGATION DISTRICT, a Municipal Corporation, Appellant, v. MARY E. GIL- MORE, Treasurer and Tax Collector of Nez Perce County, Idaho, Respondent.

[23 Pac. (2d) 720.]

John W. Cramer, for Appellant.

Ray E. Durham and Lincoln E. Shropshire, for Respondent.

BUDGE, C. J.—The sole question presented by this appeal is whether or not land acquired by an irrigation district for nonpayment of delinquent assessments levied by said district is exempt from general taxation under the provisions of Const., art. 7, sec. 4, while owned by it. That constitutional provision reads as follows:

"The property of the United States, the state, counties, towns, cities and·other municipal corporations and public libraries shall be exempt from taxation."

It is appellant's contention that an irrigation district is a public *quasi*-municipal corporation and as such included within the classification of "other municipal corporations" as used in said constitutional provision.

In *Strickfaden v. Greencreek Highway Dist.*, 42 Ida. 738, 747, 248 Pac. 456, 457, 49 A. L. R. 1057, this court classified counties, cities and towns as follows:

"Counties may be said to be true public corporations. They are local organizations, which for the purpose of civil administration are invested with a few functions characteristic of a corporate existence. They are legal political subdivisions of

the state, created or superimposed by the sovereign power of the state of its own sovereign will, without any particular solicitation or consent of the people within the territory affected.'' (Citing authorities.)

''Cities, towns and villages may be classified as true municipal corporations, voluntarily organized under the general law at the request and with the concurrent consent of their members, and in addition to the exercise of the functions of self-government, transact matters of a *quasi*-private or business character not governmental in their nature but rather proprietary or for the acquisition of private gain for the municipality and its citizens.'' (Citing authorities.)

Many definitions and classifications of irrigation districts have been given and made by this court for the purpose of construing other constitutional and statutory provisions, but it may be conceded that in none of these cases have they been held to be true municipal corporations. They have been held to possess certain attributes common to both political subdivisions of the state, such as counties, and to true municipal corporations, such as cities and towns, thus bringing them, as to such attributes, within the meaning of certain statutory and constitutional provisions.

In *Stephenson v. Pioneer Irr. Dist.*, 49 Ida. 189, 288 Pac. 421, 69 A. L. R. 1225, it was held that notwithstanding an irrigation district is a *quasi*-public corporation and possesses some governmental powers and exercises some governmental functions, the construction and operation of irrigation canals and ditches are proprietary rather than governmental functions. The court said:

''This court has frequently and variously defined an irrigation district: 'A *quasi*-public corporation,' *Little Willow Irr. Dist. v. Haynes*, 24 Ida. 317, 133 Pac. 905; 'a *quasi*-municipal corporation,' *Indian Cove Irr. Dist. v. Prideaux*, 25 Ida. 112, Ann. Cas. 1916A, 1218, 136 Pac. 618. . . . . ''

'' 'A municipal corporation' (*Gem Irr. Dist. v. Van Deusen*, 31 Ida. 779, 176 Pac. 887; *Storey & Fawcett v. Nampa & Meridian Irr. Dist.*, 32 Ida. 713, 187 Pac. 946).

" 'A *quasi*-public or municipal corporation.' (*Yaden v. Gem Irr. Dist.*, 37 Ida. 300, at 308, 216 Pac. 250.)

"The definition most enlightening with regard to the question we are here considering, is found in *City of Nampa v. Nampa & Meridian Irr. Dist.*, 19 Ida. 779, at 787, 115 Pac. 979, 982, as follows:

" 'An irrigation district is a public *quasi* corporation, organized, however, to conduct a business for the private benefit of the owners of lands within its limits. (They are the members of the corporation, control its affairs, and they alone are benefited by its operations.) It is, in the administration of its business, the owner of its system in a proprietary rather than a public capacity, and must assume and bear the burdens of proprietary ownership.'

"It is apparent from the above that this court has classified an irrigation district *as more in the class of* municipal corporations, than in the class of counties."

In *Indian Cove Irr. Dist. v. Prideaux*, 25 Ida. 112, 123, 136 Pac. 618, Ann. Cas. 1916A, 1218, it was said:

"It is settled law that irrigation districts are public corporations, although not strictly municipal in the sense of exercising governmental functions other than those connected with raising revenue to defray the expense of constructing and operating irrigation systems and the conduct of the business of the corporation. (*Fallbrook Irr. Dist. v. Bradley*, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. ed. 369; *Pioneer Irr. Dist. v. Walker*, 20 Ida. 605, 119 Pac. 304; *In re Bonds of Madera Irr. Dist.*, 92 Cal. 296, 28 Pac. 272, 675, 27 Am. St. 106, 14 L. R. A. 755.) "

This court also said in *Yaden v. Gem. Irr. Dist.*, 37 Ida. 300, 308, 216 Pac. 250, 252:

"Irrigation districts are creatures of the statutes. They are *quasi*-public or municipal corporations, and as such have only such power as is given to them by statute, or such as is necessarily implied." (Citing authorities.)

"Under the provisions of C. S., sec. 4350 (now I. C. A., sec. 42–311) the legal title to all property acquired by the district by operation of law vests immediately in the district

and is held in trust for, dedicated to and set apart to the use and purposes provided by law. Under the provisions of C. S., secs. 4346 and 4355 (now I. C. A., secs. 42–304 and 42–317) the power of the directors or other officers of an irrigation district is limited and any act done in excess of the express or implied provisions of the statute by such directors or other officers is *ultra vires.* . . . . The land owners within the district are obligated to the extent of the cost of maintenance of the system and for the payment of the same. The appropriation and diversion of waters by the district, through its officers, or the purchase of a system constructed in whole or in part by its funds, becomes the property of the district and is held in trust for the land owners within it. . . . . The ultimate purpose of a district's organization, under the provisions of the statutes of this state, is the improvement, by irrigation, of lands within the district.''

In *Colburn v. Wilson,* 23 Ida. 337, 339, 130 Pac. 381, it is said:

'' . . . . the irrigation district is a *quasi*-municipal corporation organized for the specific purpose of providing ways and means of irrigating lands within the district and maintaining an irrigation system for that purpose. (*Pioneer Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304; *City of Nampa v. Nampa & Meridian Irr. Dist.,* 19 Ida. 779, 115 Pac. 979; *Merchants' Nat. Bank v. Escondido Irr. Dist.,* 144 Cal. 329, 77 Pac. 937.)''

It follows that the primary purpose of an irrigation district is limited to the conducting of its business for the private benefit of the land owners within the district by the acquisition of water rights and the irrigation of lands within its boundaries; and that the land owners within the district are the members of the corporation, control its affairs, and are primarily benefited by its operations. It is likewise true that irrigation districts have been endowed with certain incidental municipal powers necessary to its proper functioning, such as the election of its officers and directors, the levy of assessments for bond, interest, maintenance and

operation and other like authorized purposes, and the equalization and collection of such assessments, which incidental municipal powers have resulted in its classification as a *quasi*-municipal or municipal corporation in connection with the construction of statutes and constitutional provisions involving the exercise of such municipal powers.

We have carefully analyzed and compared the foregoing authorities and others to similar effect and have reached therefrom the conclusion that an irrigation district is a public corporation having such incidental municipal powers as are necessary to its internal management and the proper conduct of its business. Its primary purpose is the acquisition and operation of an irrigation system as a business enterprise for the benefit of land owners within the district, such property being held in trust for them in a proprietary capacity, while secondarily and incidentally, certain municipal powers have been conferred for its government and regulation, and when this is borne in mind, any seeming confusion in or conflict with the authorities holding that an irrigation district is a municipal or *quasi*-municipal corporation within the meaning of certain statutes and constitutional provisions disappear.

The rule as to exemption of municipal corporations from taxation would seem to be as stated in 2 Cooley, Taxation, 4th ed., p. 1319, sec. 623:

"An express exemption of property of 'municipal corporations' applies only to municipal corporations proper and not to a corporation composed of shareholders which in its form and controlling features is a business enterprise upon which municipal powers have been incidentally conferred in promotion of its primary purpose. It is also held that an irrigation district . . . . is not a municipal corporation within constitutional or statutory provisions exempting the property of municipal corporations."

To the same effect see *Buffalo Rapids Irr. Dist. v. Colleran*, 85 Mont. 466, 279 Pac. 369; *Southern Assembly v. Palmer*, 166 N. C. 75, 82 S. E. 18; *Drainage Commrs. v. C. A. Webb & Co.*, 160 N. C. 594, 76 S. E. 552; note, 17 A. L. R. 81.

It should further be observed that a grant of exemption from taxation is never presumed and statutes and constitutional provisions relating to exemptions should be strictly construed, and where a doubt arises it should be resolved against the exemption. (*Andrews v. North Side Canal Co.*, 52 Ida. 117, 12 Pac. (2d) 263; *Kootenai County v. Seven-Seven Co.*, 32 Ida. 301, 182 Pac. 529; *Salisbury v. Lane*, 7 Ida. 370, 63 Pac. 383; *Bistline v. Bassett*, 47 Ida. 66, 272 Pac. 696, 62 A. L. R. 326; 61 C. J. 392; 26 R. C. L. 313, sec. 274.)

Const., art. 7, sec. 4, exempts from taxation the property of the United States, the state, counties, towns, cities and other municipal corporations and public libraries. Having specifically exempted the property of cities and towns, which. are true municipal corporations, and then provided for the exemption of property of other municipal corporations the rule would seem to be that the exemptions are restricted to include the property of only such other municipal corporations as are of the kinds specifically enumerated, such as, for instance, villages. (36 Cyc. 1119; 12 C. J. 707, sec. 53.)

Appellant cites and relies upon *Palo Verde Irr. Dist. v. Jamison*, (Cal.) 8 Pac. (2d) 1037, and *Turlock Irr. Dist. v. White*, 186 Cal. 183, 198 Pac. 1060, 17 A. L. R. 72, as authority for its contention that the property of an irrigation district is exempt from taxation. In *La Mesa Lemon Grove & Spring Valley Irr. Dist. v. Hornbeck*, (Cal.) 8 Pac. (2d) 1031, 1035 (companion case to *Palo Verde Irr. Dist. v. Jamison, supra*), the rule is announced, based on the California Constitution, that in that state the property of an irrigation district is state-owned property and exempt as property of the state, while in this jurisdiction the property of an irrigation district, as shown above, is owned by the district and held in trust for the land owners within its boundaries.

From what has been said it follows that an irrigation district is not a municipal corporation within the mean-

ing of Const., art. 7, sec. 4, so as to exempt its property from taxation.

Judgment affirmed. Costs awarded to respondent.

Givens, Morgan, Holden and Wernette, JJ., concur.