McQUADE, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.

487 P.2d 933

**Donald H. BIRNEY, Plaintiff-Respondent,**

**v.**

**BIG LOST RIVER IRRIGATION DISTRICT, Defendant-Appellant.**

**No. 10665.**

Supreme Court of Idaho.

Aug. 2, 1971.

Merrill & Merrill, Pocatello, for defendant-appellant.

William J. Langley, Twin Falls, for plaintiff-respondent.

McFADDEN, Justice.

The proceedings involved in this appeal were instituted by Donald H. Birney, the respondent herein, by filing with the board of directors of appellant Big Lost River Irrigation District, a petition for exclusion of lands owned by him from the irrigation district. The directors of the irrigation district denied his petition, and Birney appealed their decision to the district court. After a hearing before the district court, findings of fact, conclusions of law and judgment were entered excluding the land from the appellant irrigation district. The irrigation district appealed from this judgment, which judgment is affirmed.

The Big Lost River Irrigation District is a duly organized irrigation district organized under the provisions of Title 43 of the Idaho Code. Respondent Birney purchased the tract of farm land involved in this litigation from DeWain Clark in 1961, which land was located within the district. At the time Clark acquired this land in 1952, it had 312 inches of decreed water from Big Lost River of priority date of March 10, 1894, appurtenant to it, together with certain storage rights in the reservoir owned and operated by the district. About two hundred and twenty-five acres could be cultivated on this ranch. Clark sold his decreed rights, together with the storage rights from this property to other landowners in the district, which decreed and storage rights are used on land within the boundaries of the district.

Clark, in about 1956, dug a "sump well" on his property, this being a large hole dug out by a drag line, which tapped a supply of underground water. Clark pumped water from this sump well onto his lands for irrigation. Later Clark put down another well, 110 feet deep, from which Clark also pumped water for irrigation of his proper-

ty. Clark filed on these two wells with the State Department of Reclamation and was issued a license and certificate of water right for 7.18 c. f. s. with priority date of May 18, 1953. This license and certificate were transferred to Birney when he bought the Clark property.

Since 1960 two additional wells have been dug on the Birney property, but no water license has been issued for them.

The source of the decreed and storage rights to the land was water from Big Lost River, and water was delivered through the irrigation system of the appellant to a point about three miles from the Clark-Birney land; when it was used to irrigate this land, it was delivered from the appellant's ditches to a private ditch, and brought on down to the land. Losses in this private ditch ran as high as 50% of the amount put in at the head of the ditch. Later parts of this private ditch were filled in, so that at the time of trial no water could be delivered from the district delivery system to Birney's land.

At a meeting held June 10, 1959, the Board of Directors of appellant district approved the transfer by Clark to George Hone of the decreed and storage rights, the minute entry reciting:

"*DeWain Clark—George Hone*: Decreed and storage water will be transferred. Since both farms are in the District, there was no objection. The Hone property will be checked before Board of Correction meeting to determine if irrigable acreage is increased by the transfer."

When the Board met on September 29, 1959, it sat as a Board of Correction to determine acreages for assessment purposes in the district, and at that meeting re-evaluated the Hone's account, the minutes stating:

"#276-443—George Hone. Mr. Hone transferred water to this account this year. Mr. Rothwell had talked with Mr. Hone and he agreed that his irrigable acreage is increased. The Board ap-

proved an increase o [sic] 123 acres; this should also be checked each year until it becomes stabilized."

Subsequent to the transfer of the water, the appellant district, while increasing the assessment against the Hone property, continued to levy assessments for maintenance and operation of the district on the land involved in this action, although at a rate lower than when decreed and storage rights were being used. The assessments levied by the district on the land within the district are based on the type and use of land owned and operated in the district.

Appellant has assigned as error the entry of judgment for respondent, and has also assigned error to six findings of fact and five conclusions of law of the trial court. The thrust of these assignments of error is that the trial court was in error in finding the supply of water from the decreed and storage rights transmitted through the district fluctuated materially from year to year and such water was inadequate to properly farm the premises and also in finding that the two wells furnished a satisfactory supply of water.

Respondent maintained at trial that the wells were developed for the reason that the district did not have sufficient water to furnish the land with an adequate supply of water. However, appellant takes strong issue as to this view and stresses the error assigned to the trial court's finding that the only benefit received by respondent's land from the district since 1959

"* * * has been by and through the indeterminable, but existing, contribution of the District's water system to subterranean waters appropriated which supply petitioner's wells."

At the times pertinent to this case, authority for exclusion of lands from an irrigation district was to be found in I.C. § 43-1101, which provides:

"Petition.—Any person or persons owning land within any irrigation district and forming a part thereof may file with the board of directors of such irrigation district a petition in writing, duly verified, setting forth that such lands named in the petition are a part of such irrigation district and that the lands so described are too high to be watered from water owned and controlled by said irrigation district or that the owners of the lands described *have installed a good and sufficient water system independent of the water system of such irrigation district for the irrigation of their lands because of the failure caused by the district not owning a sufficient water right of the irrigation district to furnish an adequate water supply therefor,* and describing in a general way the independent system which supplies such lands with water or alleging in such petition that the lands described therein are not agricultural or farming land, and setting forth the character of such lands, and praying in such petition for the exclusion of the land or lands described from such irrigation district." (Emphasis added.)

The key to this litigation is to be found in the italicized portion of the statute.

■ Examination of the record in this case discloses sufficient and competent evidence to support the findings of fact by the trial court. The issue of what benefit remains to the respondent's land from the appellant district was fully developed and considered by the trial court. That court found that lands owned by Birney have not received water through the appellant's irrigation system since 1959, and that the lands had been solely irrigated from wells on Birney's land. The court further found that the only benefit to the Birney land from the district since 1959 "has been by and through the indeterminable, but existing, contribution of the District's water system to subterranean waters appropriated which supply Petitioner's [Birney's] wells," and concluded that no benefit to this land has been derived through the dis-

**342**

trict since 1959, and that the district cannot provide any benefit to the lands. The trial court also concluded that the district approved the transfer of all storage rights from this land to other land within the district and thus consented to removal of benefits from Birney's land.

■ Appellant would interject a new issue into this case by having this court take judicial notice of a joint study of the Idaho Department of Reclamation and the United States Department of the Interior concerning "Water Resources in the Big Lost River Basin, South-Central Idaho." This report in summary states

"The ground and surface water of the Big Lost River Basin are so closely inter-related that they should be considered as a single resource."

The source of water of Birney's wells never became a primary issue in this litigation, and the parties never developed this as an issue for consideration by the trial court. Such issue would ultimately go to the question of the validity of the water license now held by Birney on the wells, but that issue was never before the court for determination. Such an issue cannot be interjected into this case at this time on appeal. Williams v. Havens, 92 Idaho 439, 444 P. 2d 132 (1968); Frasier v. Carter, 92 Idaho 79, 437 P.2d 32 (1968).

It is the conclusion of the court that the findings of the trial court are sustained by substantial and competent evidence (and in this case not even conflicting), and such findings will not be disturbed on appeal. I.R.C.P. 52(a); Jones v. Big Lost River Irrigation Dist., 93 Idaho 227, 459 P.2d 1009 (1969). We find no error by the trial court in its application of the law to the findings. The judgment is affirmed. Costs to respondents.

McQUADE, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.