[L. A. No. 1235.    Department Two.—August 3, 1904.]

## MERCHANTS NATIONAL BANK OF SAN DIEGO, Trustee, Appellant, v. ESCONDIDO IRRIGATION DISTRICT, Respondent.

IRRIGATION DISTRICTS—BONDS—INVALID PROVISION FOR SECURITY.—That portion of section 17 of the Wright Act, as amended March 11, 1893, (Stats. 1893, p. 175,) which provides for the power of the board of directors of an irrigation district to pledge by mortgage, trust deed, or otherwise, all of the property of the district as additional security for the payment of its bonds, is unconstitutional and invalid.

ID.—CONSTRUCTION OF STATUTE.—Such statutory provision cannot be construed as authorizing a change in the custodian of the public use, leaving the use itself and the rights of the land district unaffected; but, in the absence of qualifying expressions, the provision necessarily implies the right of foreclosure and sale in the ordinary way.

ID.—POWERS NOT TO BE DELEGATED.—To convey in addition to the legal title to the property the statutory powers of the board to the possession and management of the water system and other property of the district would contravene section 13 of article XI of the constitution forbidding the delegation of such powers.

ID.—CONSTRUCTION OF CONSTITUTION — "MUNICIPAL CORPORATIONS."— Section 13 of article XI of the constitution must (with section 12 of the same article) be construed as applying equally to public or municipal corporations, such as irrigation districts, as to ordinary municipalities or cities. The term "municipal," as commonly used, is appropriately applied to all corporations exercising governmental functions, either general or special.

ID.—IRRIGATION DISTRICTS — HOW CLASSED.—Irrigation districts with respect to their public functions are to be classed with public corporations; but with regard to the private rights of the individual landowners, they are to be classed as private corporations.

ID.—PROTECTION OF RIGHTS OF LANDOWNERS—"DUE PROCESS OF LAW" —POWERS OF STATE.—The state legislature has not an unlimited constitutional power to dispose absolutely of the property of all public or municipal corporations, and where, in the case of irrigation districts, the legal title is vested in the district only in trust for the landowners as beneficiaries, the rights of such landowners are private rights within the protection of section 13 of article I of the state constitution and section 1 of the fourteenth amendment to the constitution of the United States, prohibiting that any person shall be deprived of his property without "due process of law."

ID.—"OBLIGATION OF CONTRACTS"—FEDERAL CONSTITUTION.—The act
providing for the organization of the district, and its organization
thereunder by the vote of the electors, must be regarded as a con-
tract between the state and the individuals whose property is af-
fected; and the provision in question conflicts with section 10 of
article I. of the federal constitution forbidding the enactment by the
state of any law "impairing the obligation of contracts."

APPEAL from a judgment of the Superior Court of San
Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion.

Stearns & Sweet, for Appellant.

Irrigation districts are not "municipal corporations." They
are only quasi-public corporations. (1 Dillon on Municipal
Corporations, 3d ed., sec. 22; *Irrigation District* v. *Williams,*
76 Cal. 360; *People* v. *Linda Vista Irrigation District,* 128 Cal.
477; *People* v. *Levee District No. 6,* 131 Cal. 30; *In re Werner,*
129 Cal. 567; *In re Madera Irrigation District,* 92 Cal. 296;[1]
*Board of Directors* v. *Peterson,* 4 Wash. 147; *Board of Direc-
tors* v. *Collins,* 46 Neb. 411; *Lincoln etc. Irrigation District*
v. *McNeal,* 60 Neb. 613.) The provision in question is not
unconstitutional. It does not destroy vested rights or impair
the obligation of any contract nor take property without due
process of law. A contract will not be presumed between the
public and one of its own agencies. (*Newton* v. *County Com-
missioners,* 100 U. S. 548; *East Hartford* v. *Hartford Bridge
Co.,* 10 How. 511.) The legislature may repeal, modify, re-
strict, or amend the charters or laws of public corporations,
and all persons are presumed to act with knowledge of the
power. (*East Hartford* v. *Hartford Bridge Co.,* 10 How.
511; *Merriwether* v. *Garrett,* 102 U. S. 472; *Laramie County*
v. *Albany County,* 92 U. S. 307; *Mount Pleasant* v. *Beckwith,*
100 U. S. 514; *Williamson* v. *New Jersey,* 130 U. S. 187; *Essex
etc. Board* v. *Skinkle,* 140 U. S. 334; *New Orleans* v. *Water
Co.,* 142 U. S. 79; *Board of Education* v. *Martin,* 92 Cal. 209;
*Clark* v. *City of Providence,* 18 R. I. 337; *Hart* v. *Burnett,* 15
Cal. 530; *Townsend* v. *Greeley,* 5 Wall. 326; *Payne* v. *Tread-
well,* 16 Cal. 221.) The legislature may authorize the mort-
gaging of property of this character. (*Brooklyn Park Com-*

[1] 27 Am. St. Rep. 106.

*missioners* v. *Armstrong,* 45 N. Y. 234; *Adams* v. *City of
·Rome,* 59 ·Ga. 765; *Adams* v. *Memphis,* 2 Cold. (Tenn.) 645;
*Covington* v. *C. and C. Bridge Co.,* 73 Ky. 69; *Huron Water-
works Co.* v. *City of Huron,* 7 S. Dak. 9.[1]) The legislature
may authorize a public use to be transferred, subject
thereto. (5 Thompson on Corporations, sec. 6240; *Merrill
·v. South Side Irr. Co.,* 112 Cal. 426; *Price* v. *Riverside L. and
I. Co.,* 56 Cal. 431.) The power of the bank to take and hold
the property cannot be questioned by the district which has
contracted with it. (*Camp* v. *Land,* 122 Cal. 167; *Bank of
Shasta* v. *Boyd,* 99 Cal. 604; *Fresno C. and I. Co.* v. *Warner,*
72 Cal. 379; *Bank* v. *Mathews,* 98 U. S. 621; *Fritts* v. *Palmer,*
·132 U. S. 282; *Bank* v. *Whitney,* 103 U. S. 99; *Fortier* v. *Bank,*
112 U. S. 439.)

A. Haines, and Withington & Carter, for Respondent.

Irrigation districts are public municipal corporations com-
prehended within the provisions of sections 12 and 13 of
article XI of the constitution, and the amendment of 1893
contravenes these provisions. (*Board of Education* v. *Board
of Trustees,* 129 Cal. 599, 604; *Central Irrigation District* v.
*De Lappe,* 79 Cal. 351; *In re Madera Irrigation District,* 92
Cal. 296, 319;[2] *Boehmer* v. *Big Rock Irrigation District,* 117
Cal. 19, 28; *Fallbrook Irrigation District* v. *Bradley,* 164 U. S.
112-159; *Tulare Irrigation District* v. *Shepard,* 185 U. S. 3;
*Winspear* v. *District Township etc.,* 37 Iowa, 542, 544; *Iowa
Railroad Land Co.* v. *Blair etc.,* 39 Iowa, 151, 166; *Porter* v.
*Shields,* 200 Pa. St. 241.) Municipal functions and trusts
cannot be delegated. (Const., art. XI, sec. 13; *City of Oakland*
v. *Carpentier,* 13 Cal. 540; *Illinois Cent. R. R. Co.* v. *Missis-
sippi Cent. R. R. Co.,* 12 Fed. Cas. 1199, n. 1206; *Yarnell* v.
*Los Angeles,* 87 Cal. 603.) Private property of a public cor-
poration, or property held by it in trust, and the private rights
of members of an irrigation district who are its beneficiaries
are beyond the control of the legislature. (Const., art. XI, sec.
15; art. I, sec. 13; *Commissioners* v. *Lucas,* 93 U. S. 108, 114,
115; *City of San Francisco* v. *Itsell,* 80 Cal. 57-59; *Weisen-
berg* v. *Truman,* 58 Cal. 63; *Town of Milwaukee* v. *City of
Milwaukee,* 12 Wis. 83; *Board of Park Commissioners* v. *De-*

---

[1] 58 Am. St. Rep. 817.          [2] 27 Am. St. Rep. 106.

*troit,* 28 Mich. 228.[1])    The provision in question impairs the obligation of a contract between the public and the landowners in violation of the state and federal constitutions. (State Const., art. I, sec. 16; Federal Const., art I, sec. 10; *Lahr* v. *Metropolitan Elevated Ry. Co.,* 104 N. Y. 268.)

SMITH, C.—The plaintiff is trustee in two deeds of trust, made to it by the defendant, June 12, 1894, and April 15, 1895, as additional security for the payment of two series of bonds of date January 1, 1894, and April 15, 1895, for the aggregate sums of $250,000 and $100,000.    The deeds purport to convey to the trustee the whole water system of the district, including its reservoirs, water-ditches, and water-rights, and, generally, all of its property, real and personal, then owned or afterwards to be acquired.    The trustee is now in possession of the property conveyed, having taken possession of it before the commencement of the suit, for default in the payment of interest, as it was authorized to do by the deeds.    The suit was brought for the foreclosure of the lien and sale of the property.    The pleadings consist of the complaint—to which a demurer was interposed; the cross-complaint of the defendant praying for the restitution of the property; and the demurrer and answer of the plaintiff thereto.    The demurrer to the complaint was sustained, the demurrer to the cross-complaint overruled, and, upon the motion of the defendant, judgment was entered in its favor on the cross-complaint and answer, as prayed for, which is the judgment appealed from.    The deeds of trust were made under the supposed authority of section 17 of the Wright Act, as amended March 11, 1893, (Stats. 1893, p. 175;) which—indicating by italics the new provisions added to the original section—reads as follows:—

"Section 17.    Said bonds and the interest thereon shall be paid by revenue derived from an annual assessment upon the real property of the district; and all the real property in the district shall be and remain liable to be assessed for such payments as hereinafter provided. *And as additional security for the payment of all said bonds, and interest thereon, the board of directors shall have power to pledge, by mortgage, trust-deed, or otherwise, all property of the district*

[1] 15 Am. Rep. 202.

*situate within or without the district, whether real, personal, or mixed, of whatsoever kind, including all its rights and privileges held or possessed at the time of the issue of said bonds, or which may hereafter be acquired under the provisions of this act."* (Stats. 1893, p. 175.)

It was held by the lower court, in effect, that this provision was unconstitutional; and whether this position be correct, or otherwise, is the principal question to be determined. The contrary is maintained by the appellant's counsel on two grounds, based, respectively, on several different and inconsistent constructions of the statute: The one, that the act merely "authorizes a change in the custodian of the public use," leaving the use itself and the rights of the landowners of the district to the use of the water unaffected; the other, that the legislature has the constitutional power to dispose absolutely of the property of all public or municipal corporations.

But the former construction is manifestly untenable. The pledge or hypothecation of the property of the district, in the absence of qualifying expressions, necessarily implies the right of foreclosure and sale in the ordinary way,—that is to say, in such manner as to convey to the purchaser the whole property in the land hypothecated, legal and equitable. (Civ. Code, secs. 2931, 3000.) And this construction is confirmed by the consideration that the conveyance of the mere legal title would not serve as additional security, as intended by the act; and that to convey, in addition to the legal title, the statutory powers of the board to the possession and management of the water system and other property of the district would be in contravention of section 13 of article XI of the constitution, which forbids the delegation of such powers. Which provision, it can hardly be doubted, must (with section 12 of the same article) be construed as applying equally to public or municipal corporations of this character, as to ordinary municipalities or cities. For not only is this construction required by the reason, and consequently by the presumed intention, of the constitutional provision, but the term *municipal,* as commonly used, is appropriately applied to all corporations exercising governmental functions, either general or special; and, indeed, this must be taken as the definition of a *public* or *municipal corporation.* (Civ. Code,

sec. 284; *Board of Education* v. *Board of Trustees etc.,* 129 Cal. 604; *Hewes* v. *Ewing,* 93 Cal. 417; *Irrigation Dist.* v. *Lappe,* 79 Cal. 354; *In re Madera Irrigation Dist.,* 92 Cal. 308, 316, 319 et. seq.[1]) Hence, accepting the ordinary division of corporations into *public* and private (1 Dillon on Municipal Corporations, sec. 52), corporations of the kind under consideration do not fall wholly within the one or the other class; but with regard to their public functions, are to be classed with the former, and with regard to the private rights of the individual landowners, with the latter.

The other position of the appellant is equally untenable. The state, indeed, has a large, though not an unlimited, power of disposition over the property of ordinary municipalities; which is commonly held in trust for the public generally, or for the limited public of the municipality. (Cooley on Constitutional Limitations, 342 et seq.; 1 Dillon on Municipal Corporations, secs. 27, 66, 67.) But here, the corporation in question is distinguished from ordinary municipal corporations by the fact that "the *legal title,*" only of the property of the corporation is vested in the district, "in trust for the uses and purposes set forth in [the] act"; and that the beneficiaries of the trust—who, upon familiar equitable principles, are to be regarded as the owners of the property—are the landowners in the district with whose funds the property has been acquired (Civ. Code, sec. 853); and in whom, indeed, is vested by the express provisions of the statute, in each, the right to the several use of a definite proportion of the water of the district, and in all, in common, the equitable ownership of its water-rights, reservoirs, ditches, and property generally, as the means of supplying water. (Stats. 1887, pp. 34, 35, secs. 11, 13.) Such rights as these cannot be distinguished in any way from other private rights, and therefore clearly come within the protection of the provision of section 13 of article I of the state constitution—that "no person shall be . . . deprived of . . . property without due process of law,"—and of the similar provision of section 1 of the fourteenth amendment to the constitution of the United States.

The act is also, we think, in conflict with the provision of section 10 of article I of the federal constitution prohibiting the enactment by the state of any "law impairing the obliga-

---

[1] 27 Am. St. Rep. 106.

tion of contracts.'' The act providing for the organization of the district, and the organization of the district under the provisions of the act -by the vote of its electors, cannot be otherwise regarded than as a contract between the state and the individuals whose property was thereby affected. The contract, indeed, lacks one of the ordinary elements of contracts—namely, the actual consent of all the parties to it; but . by the provisions. of the statute the majority of the electors were empowered to act and consent for the individual proprietor; and unless this were a legitimate exercise of the powers of the state, the statute itself would be invalid. Hence the consent of all the parties to the contract was in fact given either personally or by their authorized agents; and there was thus created a complete contract between the parties by the terms of which the property-owners in the district consented to the burden imposed upon their property by the provisions of section 17 of the original act, and to no other. The burden thus imposed was, that the bonds issued under the act should ''be paid by revenue derived from an annual assessment upon the real property of the district,'' and that their lands should ''be and remain liable'' for such assessment; and this implied that this should be the extent of the burden. But by the amendatory act the board of directors is authorized, without the consent, or even the knowledge, of the landowners, to pledge or hypothecate the property acquired by their contributions— that is to say, acquired with their money—and thus to subject them to the liability of losing entirely the property thus acquired; which is not only their property, but by the express provision of the statute (sec. 13) has been ''dedicated and set apart to the uses and .purposes set forth in the original act''; which would leave them only the liability for continued assessments until the. balance of the bonds shall be paid. We have no doubt, therefore, that in this respect also the legislature went beyond its constitutional powers.

We advise that the judgment appealed from be affirmed.

Harrison, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Henshaw, J., McFarland, J., Lorigan, J.