[Civ. No. 11155.   Second Appellate District, Division Two.—December 7, 1936.]

EDWARD H. McLAUGHLIN, Appellant, v. DEPART-MENT OF WATER AND POWER OF THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Respondents.

Clyde R. Burr, Philip Grey Smith and A. J. Cathcart for Appellant.

Ray L. Chesebro, City Attorney, J. M. Stevens, Assistant City Attorney, and Kenneth K. Scott and Francis H. Lindley, Deputies City Attorney, for Respondents.

WOOD, J.—Plaintiff appeals from a judgment in favor of defendants entered after their demurrer was sustained without leave to amend. In his complaint plaintiff alleges that he is the owner of eighteen bonds of Municipal Improvement District No. 35, located in the city of Los Angeles, the said bonds being each in the principal sum of $1,000 and becoming due at various times from January 1, 1942, to January 1, 1964; that the bonds were issued on or about April 10, 1925, and the proceeds thereof used to construct a portion of the water works of the city; that the Department of Water and Power of the City of Los Angeles has charge of the water works of the city, of the municipal improvement district mentioned and of the collection and disbursement of revenues of said works; that "the Board

have been and now are collecting revenues from the Municipal Water Works of said City, and have caused the same to be set aside and deposited in the revenue fund in the city treasury pertaining to the Municipal Water Works of the said city; that said fund now contains more than sufficient moneys to satisfy all interest on all bonds in said issue now outstanding and due and unpaid in addition to all other obligations against said fund''. He seeks a writ of mandate to compel defendants to ''apportion and set aside out of the revenue fund in the City Treasury pertaining to the Municipal Water Works of the said City, an amount or amounts sufficient to pay at maturity all sums which have become due on the said bonds held by petitioner and to apportion and set apart out of the said revenue fund in each year an amount or amounts sufficient to pay at maturity all sums coming due in said year for principal and interest on said bonds of petitioner''.

The bonds in question were issued under the provisions of the Municipal Improvement District Act enacted in 1915. It is provided in each of the bonds that ''the principal and interest of this bond are payable exclusively out of taxes levied upon the taxable property in said Municipal Improvement District No. 35 of the City of Los Angeles, and neither the City of Los Angeles nor any officer thereof is holden for the payment thereof otherwise''. On July 1, 1925, new charter provisions were adopted, among them section 223 providing in part as follows: ''The board shall each year apportion and set apart out of the revenue fund in the city treasury pertaining to each such municipal works an amount or amounts sufficient to pay at maturity all sums coming due in said year for principal and interest, upon all outstanding bonds, general or district, issued for the purposes of the works, to which such revenue fund pertains, and said amounts shall be transferred forthwith into a special fund in the city treasury, to be designated by a name indicating the nature or purpose of such special fund and the works from which said amount or amounts were derived, and the money in such special fund shall be subject to apportionment by the Controller, as may be required to make such payments on the principal and interest of said bonds, and for no other purpose. Any interest or increment received on the money in any such special fund shall be paid into such special fund and become a part

thereof. The foregoing provisions of this section shall apply to all such bonds now outstanding or hereafter issued.'' In 1927 the charter of the city of Los Angeles was amended to provide that the allocation of water revenue funds to payment of bonds should be discretionary with the board of water and power commissioners. The city charter as in force on July 1, 1925, contained this provision: "No special proceedings relating to local improvements or to local assessments, pending at the date this charter takes effect, shall be invalidated or affected in any respect, by reason of this charter taking effect, but all such special proceedings shall continue, in accordance with the law applicable thereto."

■ It is conceded that the provisions contained in the bonds, that they are payable exclusively out of taxes levied upon property in the district, is inconsistent with the provisions of section 223 of the charter, by which it is provided that the board of water and power commissioners shall apportion from the revenue funds in the city treasury an amount sufficient to pay sums coming due on the bonds. Plaintiff contends that section 223 gave him "additional security" for the payment of the bonds and argues that the provisions of the section "became an integral part of the contract of the bonds". We cannot take this view. The bonds established the contract between the taxpayers in the improvement district and the holders of the bonds, a contract which embraced as one of its component parts the existing laws providing for the issuance of the bonds and for the manner of their enforcement. (*Hershey* v. *Cole*, 130 Cal. App. 683 [20 Pac. (2d) 972]; *Chapman* v. *Jocelyn*, 182 Cal. 294 [187 Pac. 962].) If the argument advanced by plaintiff is to be sustained it must be held that the giving of the "additional security" to the bondholders was a gratuitous act on the part of the city, which did not become a part of the contract. ■ No vested rights were given plaintiff by section 223 of the charter. If the people had the right to thus provide additional security for the bondholders they had the right to remove such additional security. If in fact such security was given it was effectively removed by the charter amendment of 1927, by which discretion in the matter of the apportionment of funds was reposed in the board of water and power commissioners.

■ Defendants argue that under any view that may be taken of section 223 the contention of plaintiff necessarily

results in a violation of the constitutional inhibition against the impairment of the obligation of a contract. Divergent views are expressed by counsel in their briefs on the question whether section 223 requires, if applicable to the bonds in question, that the revenue shall be apportioned from the fund of each district or from the general city revenue fund derived from the operation of the city water works. In either view of the matter it is apparent that, if the additional security claimed be held to be mandatory, a change in the contract would be brought about which would result in violation of constitutional provisions. If a fund sufficient to pay the bonds should be apportioned from the revenue of the entire department the result would be that taxpayers throughout the city would be called upon to pay the obligation of the taxpayers of District No. 35. Clearly the taxpayers in District No. 35 cannot be compelled to pay the costs of establishing water works in other parts of the city from which they derive no benefit and it is also clear that taxpayers in districts outside of No. 35 cannot be compelled to assume the burden of paying the costs of water works in this district. Such a procedure would bring about unjust discrimination among the tax and ratepayers of the various districts. An increase in the general water rate would be necessary to meet the payments due on the bonds of the various improvement districts if the obligation rested upon the board to pay from revenue principal and interest on all of the bonds issued. (*Powell* v. *Allan,* 70 Cal. App. 663 [234 Pac. 339].) If the view be taken that the revenue for the payment of the bonds is to be apportioned from the money paid by users of water within District No. 35, we face a situation in which the obligation of the original contract is impaired. The principal of the bonds is made payable over a period of years and the taxpayers within the district have the right to make payments in accordance with the entire periods stipulated in the bonds. Water rates are paid at brief intervals and in small amounts. If any surplus revenue is received during any year it can be used to defray expenses in succeeding years and the rates payable in subsequent years might be established to the advantage of the ratepayers. To require payment of the principal and interest of the bonds from revenue would result in a change of the obligations of the taxpayers.

While contending that he can require the payment of the bonds from the revenue fund on the theory that he has been given additional security, plaintiff concedes that the original remedy is available to the bondholders to require payment from taxes. If his position is correct one set of bondholders might demand the apportionment of sufficient funds from the revenue to retire the bonds and at the same time another set of bondholders might require that taxes be levied in a sufficient amount to reach the same end. Such a condition would result in double payment by the taxpayers. The statutes in question cannot be construed in such a way as to bring about this result.

In *Security Trust & Sav. Bank* v. *City of Los Angeles,* 120 Cal. App. 518 [7 Pac. (2d) 1061], the court considered the obligations of the property owners of Municipal Improvement District No. 27 of the city of Los Angeles, a district which also was created under the Municipal Improvement District Act of 1915. In that case the plaintiff was the owner of property within the district and paid under protest taxes which had been levied upon its property to pay the bonds which had been issued. The plaintiff sought to recover the taxes and contended that section 223 of the charter made it obligatory to apportion funds for the payment of bonds. In deciding against the plaintiff the court referred to section 13 of the act of 1915, in which it is provided that ''when proceeding under the provisions of this act, its provisions and no other shall apply''. The court said: ''The bonds constitute a contract between the bondholder and the taxpayers of the district. Among other things, the contract (bond) contains the provision that 'the principal and interest of this bond are payable exclusively out of taxes levied upon the taxable property in said Municipal Improvement District No. 27', and to substitute any other method for the payment of the bond would be to change the express terms of the contract, which is not permissible (citing cases). The condition of the bonds just quoted is a material part of it, goes to its substance and may not be changed whether the holder of the bonds or some other interested party be the objector.''

The judgment is affirmed.

McComb, J., *pro tem.,* and Crail, P. J., concurred.