[Civ. No. 24134.    First Dist., Div. Three.    Apr. 30, 1968.]

NANCY MILLS et al., Plaintiffs and Appellants, v. SAN FRANCISCO BAY AREA RAPID TRANSIT DIS-TRICT et al., Defendants and Respondents.

Breed, Robinson & Stewart, Caldecott, Peck & Phillips and Ned Robinson for Plaintiffs and Appellants.

John A. Nejedly, District Attorney, Victor J. Westman, Deputy District Attorney, Warren P. Marsden and Thomas Jackson for Defendants and Respondents.

DRAPER, P. J.—This action for declaratory and injunctive relief seeks to compel location of the Lafayette station of defendant San Francisco Bay Area Rapid Transit District (BART) at the point specified in the ''composite report'' which preceded submission of a bond issue to the electorate, rather than at the point one and one half miles distant therefrom determined upon by the district after the bonds were voted. BART's motion for summary judgment was granted, and demurrer of defendant County of Contra Costa was sustained without leave to amend. Plaintiffs, who sue as taxpayers of the county and district, appeal.

The county is involved only because its board of supervisors adopted a ''traffic circulation plan'' for the unincorporated area known as Lafayette contemplating the new location of the station. It is clear that no cause of action is

stated against defendant county. A county board has statutory authority to adopt a general plan (Gov. Code, §§ 65100, 65101, 65300) including a traffic circulation plan (Gov. Code, §§ 65302, subd. (b); 65303, subds. (c), (d) and (e)), and to establish, acquire and supervise county highways (Sts. & Hy. Code, §§ 940, 941, 943.) Such a plan for street construction and use is a legislative act. No defect in the proceedings of the county is suggested. The wisdom of the plan is for the Legislature, and not the courts (*Wine* v. *Boyar*, 220 Cal.App.2d 375, 380-381 [33 Cal.Rptr. 787]. The demurrer of the county was properly sustained.

As to BART, the contention is that the location of the Lafayette station mentioned in the composite report was made immutable by the voters of the three-county district when they approved the $792,000,000 bond issue for construction of the transit system.

It is clear that proceeds of a bond issue may be expended only for the purpose authorized by the voters in approving issue of the bonds (*O'Farrell* v. *County of Sonoma*, 189 Cal. 343 [208 P. 117]). Whether the limitation be deemed to be contractual (*Merchants Nat. Bank* v. *Escondido Irr. Dist.*, 144 Cal. 329, 335 [77 P. 937]) or of a status analogous to such relation (*Peery* v. *City of · Los Angeles*, 187 Cal. 753, 767 [203 P. 992, 19 A.L.R. 1044]) or a restriction implied by the requirement of popular approval of the bonds (*State School Bldg. Finance Committee* v. *Betts*, 216 Cal.App.2d 685, 693 [31 Cal.Rptr. 258]), it does restrict the power of the public body in the expenditure of the bond issue proceeds, and hence in the nature of the project to be completed and paid for. The statutes and ordinances under which the public body acts in submitting the bond issue proposal to the voters must be considered with the ballot proposition in determining the extent of this restriction (*Peery* v. *City of Los Angeles, supra,* at pp. 760-761; *O'Farrell* v. *County of Sonoma, supra,* at p. 348).

But the proposition submitted to the voters may be broad and general or narrow and specific (*Metropolitan Water Dist.* v. *Marquardt*, 59 Cal.2d 159, 181 [28 Cal.Rptr. 724, 379 P.2d 28]; *O'Farrell* v. *County of Sonoma, supra,* at p. 347) within the limits permitted by statute.

Here, the proposition printed on the ballot described only in the most general terms its object and purpose of "acquiring, constructing and operating a rapid transit system," including a number of items, among them "terminals."

The resolution calling the bond election, although not printed on the ballot, was published. It contained a "statement of the general object and purpose of incurring such indebtedness." This statement's only reference to the station here in issue was that the system would provide connection "east via a Central Contra Costa line to the vicinity of Concord," a community near Lafayette.

It is completely apparent that neither the ballot proposition nor the notice of election specified the location of any station, nor even required a station in or adjoining Lafayette.

Appellants, however, rely upon the composite report which did suggest a specific location. But this report is referred to in the resolution calling the election only by way of recital, stating that experts have been employed "to develop general plans, estimates and general specifications . . . sufficient . . . to enable this Board to determine the feasibility of such project." The statute requires only that the experts develop "general plans, estimates and general specifications . . . sufficient . . . to enable the board to determine the feasibility" of the project as a whole (Pub. Util. Code, § 29151). Their reports are to contain "[a] general description of the facilities to be acquired or constructed from the proceeds of the proposed bond issue" (id., § 29152, subd. (a)). The resolution calling the bond election is to contain a "statement of the general object and purpose of incurring the indebtedness" (id., § 29159, subd. (a)).

Obviously, the statutes, the notice of election and the ballot proposition itself contemplate a broad authority for construction of a three-county rapid transit system. In the wide scope of this substantial transit project, the deviation of 1½ miles in location of a single station is but a minor change in the tentative plan which was relied upon only to forecast feasibility of the project as a whole.

Appellants refer to some statements "disseminated to the general public" before the election. But these cannot be deemed to modify the intentionally broad language of the proposition in fact submitted to the voters, the call of election published to them, and the statutes authorizing the procedure adopted (see *City of Los Angeles* v. *Dannenbrink,* 234 Cal. App.2d 642, 655 [44 Cal.Rptr. 624]).

Judgment affirmed.

Salsman, J., and Brown (H. C.), J., concurred.