Opinion
HALL, P. J.
This appeal evolved from an action filed by plaintiff, the appellant, Division of Labor Law Enforcement, against respondent, El Camino Hospital District. The complaint alleges willful failure to pay wages in violation of the Labor Code and seeks assessment of penalties. Respondent is a hospital district organized under the provisions of the Hospital District Act (Health & Saf. Code, §§ 32000 et seq.). The district filed a general demurrer to the complaint, the effect of which was to urge the proposition that there is no legislative intent to apply the Labor Code sections here involved to a hospital district organized under state law. The trial court sustained the demurrer. Thereafter, on defendant’s motion, the complaint was dismissed for failure to amend within the time allowed by the court’s order. Thereupon, the plaintiff perfected this appeal.
This court has reviewed the proceedings herein, including the opinion written by Judge John M. Brenner as contained in the order sustaining defendant’s demurrer. We are in complete agreement with his analysis. We quote and adopt the trial court’s order in its totality, which will thus become the opinion of this court as follows:
“Defendant’s demurrer to the complaint on file herein is sustained, on the ground that the complaint does not state facts sufficient to constitute a cause of action.
“Although the court assumes that plaintiff cannot amend to state a cause of action, nevertheless, plaintiff is allowed 20 days in which to file an amended complaint if it so desires.
“The complaint fails to state a cause of action, because Labor Code section 203 does not apply to the defendant hospital district. Labor Code section 220 provides: ‘Nothing in sections 200 to 211 and 215 to 219, inclusive, shall apply to the payment of wages of employees directly employed by the State or any county, incorporated city or town or other municipal corporation. All other employments are for the purposes of these sections private employments and subject to the provisions hereof.’
*Supp. 33 “Defendant hospital district clearly is not ‘the state or any county, incorporated city or town’. It is the opinion of the court that the hospital district is included in the language ‘other municipal corporation’ as used in section 220.
“The Labor Code does not define the term ‘municipal corporation’. It does provide that ‘ “county” includes “city and county” ’ (Lab. Code, § 14).
“In the index to the Government Code, under the heading ‘municipal corporations, definition’ reference is made to sections 20 and 51540. Government Code section 20 defines ‘city’ as including ‘city and county’ and ‘incorporated town’, but as excluding ‘unincorporated town’ or ‘village’. It should be noted that this section was enacted in 1943, whereas Labor Code section 220 in effect dates back to 1911. Government Code section 51540 merely defines ‘city’ as used in the article on chartered cities.
“McQuillin on Municipal Corporations is of slight help. As indicated in an article in 42 State Bar Journal 119, McQuillin devotes some 60 pages to defining the nature and kinds of public or municipal corporations.
“McQuillin does point out that the characteristic feature of the municipal corporation, as that term is used in its strict or proper sense, is the power and right of local self-government. McQuilhn also states that quasi-municipal corporations are public agencies created or authorized by the Legislature to aid the state in some form of public or state work, other than community government. (§2.13, pp. 466-467.) It is apparent that the defendant hospital district would be classified by McQuilhn as a quasi-municipal corporation, not as a municipal corporation in the strict sense.
“In Antieau, Independent Local Government Entities, page 3 0H-3, the author states that ‘courts are generally inclined to consider hospital districts as public corporations rather than municipal corporations.
“In the article on Municipal Corporations, 34 California Jurisprudence 2d pages 616-617, the authors note that while all municipal corporations are pubhc corporations, not all pubhc corporations are municipal corporations. However, they also state that ‘where it appears that the legislature has used the term [municipal corporations] in a comprehensive sense, it may be construed to include a county or other quasi-municipal corporation.’
“The reported decisions in California do not shed any substantial light on the present problem. Numerous examples could be cited, but a few will suffice. In People v. Rinner, 52 Cal.App. 747 [199 P. 1066], the court held that article II, section 6 of the Constitution clearly limited the term ‘corporations for municipal purposes’ to those relating to and included in ‘cities’ and ‘towns’. The court also quoted from Dillon on Municipal Cor *Supp. 34 porations to the effect that a city is a municipal corporation, whereas other public corporations, such as a school district, are not municipal corporations.
“On the other hand, in Merchants Nat. Bank v. Escondido Irr. Dist., 144 Cal. 329 [77 P. 937] (followed in Siler v. Industrial Acc. Com., 150 Cal.App.2d 157 [309 P.2d 910]), the court held that the term ‘municipal’ as commonly used is appropriately applied to all corporations exercising governmental functions, either general or special, and, indeed, this must be taken as the definition of a public or municipal corporation.
“Turlock Irr. Dist. v. White, 186 Cal. 183 [198 P. 1060, 17 A.L.R. 72] cited by plaintiff, one finds an excellent example of a court saying that in its common or ordinary sense the term ‘municipal corporation’ means public corporations, which would include defendant hospital district, but in its strict sense the term means only incorporated cities and towns. It also is interesting to note that in the Turlock case, the words ‘incorporated city or town’ were, not included in the Constitutional provision or amendment thereto.
“For the purposes of this decision, the court is in accord with the texts and cases which hold that the term ‘municipal corporation’, in its strict sense, refers only to incorporated cities or towns, and would not include the defendant hospital district. However, this does not mean that the Legislature, in Labor Code section 220, used the term in its strict sense.
“There are many rules of statutory construction. Where the state or one of its agencies is involved, one of the basic rules of construction is that the general terms of the statute will not be construed as including the government if the result would be to encroach upon sovereign rights, or establish a right of action against the state (Nutter v. City of Santa Monica, 74 Cal.App.2d 292 [168 P.2d 741]). Where a statute is susceptible of two constructions, the one which leads to the more reasonable result should be adopted, especially as opposed to one that leads to an absurd result (Clements v. T. R. Bechtel Co., 43 Cal.2d 227 [273 P.2d 5]). Words used in a statute are to be given their general and unrestricted meaning, unless the context or apparent scope and purpose of the statute indicate a limited meaning (Fallbrook Irr. Dist. v. Abila, 106 Cal. 355 [39 P. 794]).
“In the present case, the Legislature has said that certain Labor Code sections shall not apply to employees of the state or any county, incorporated city or town or other municipal corporation. What is meant by the words ‘incorporated city or town’? The Code Commission notes to *Supp. 35 section 20 of the Government Code indicate that in California there were, at least until 1943, incorporated ‘towns’ as well as incorporated ‘cities’. This note also indicates that, aside from a city or town, no other collection of houses and buildings appears to come within the corporate category.
“The term ‘municipal corporation’, when used in its so-called strict or proper sense, means an incorporated city or town. Every word in a statute is to be given meaning if possible. If the term ‘municipal corporation’ means incorporated city or town and nothing more, why did the Legislature use the term in this particular Labor Code section? The court notes that since the inception of this legislation the terms ‘incorporated city or town or other municipal corporation’ have been used (See Plaintiff’s Brief, pp. 5-7). What ‘other municipal corporation’ did the Legislature have in mind other than incorporated cities or towns?
“The only reasonable interpretation of this section is that the Legislature knew from the decided cases that ‘incorporated city or town’ referred to a municipal corporation in the strict sense, and intended that the additional term ‘or other municipal corporation’ should refer to municipal corporations in the commonly accepted sense—namely, public corporations or quasi-municipal corporations. Any other interpretation would give no meaning to the term ‘or other municipal corporation’.
“The court recognizes that hospital districts were not authorized by the Legislature until 1945. However, the court also notes that over the years, the Legislature has authorized numerous special districts in the exercise of its police power, but has not seen fit to change the language of Labor Code section 220.
“What was the purpose of Labor Code section 203? Obviously it was designed to assure prompt payment of wages to discharged employees. To accomplish this purpose, the Legislature provided for certain specified penalties, and also provided for a right of action by the employee against his employer. Since section 203 establishes a right of action, it should not be construed as including the government, at least where inclusion of the government is not expressly spelled out. (For an example of legislation expressly made applicable to the government, see the Workmen’s Compensation Act, Lab. Code, § 3300.) The California Supreme Court has held that a hospital district is a public corporation, a governmental or state agency, exercising a governmental function (Talley v. Northern San Diego Hospital Dist., 41 Cal.2d 33 [257 P.2d 22]; Muskopf v. Corning Hospital Dist., 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457]).
“Incidentally, the court has not overlooked the language of section 213 *Supp. 36 subdivision (b) of the Labor Code, which specifically exempts from the provisions of section 212 ‘counties, municipal corporations, quasi-municipal corporations or school districts’. This section simply shows a use of the term ‘municipal corporations’ in its strict sense, but does not aid the court in interpreting section 220.
“Finally, the court notes that pursuant to Labor Code section 218, the district attorney has authority to prosecute criminal or civil actions for violations of section ^03, and that under section 210 provision is made for a $10 penalty for each violation of section 204 or 205. The court does not believe that the Legislature intended that a state agency should be required to pay this penalty to the state pursuant to section 210. Nor does the court believe that the Legislature intended that the district attorney, who is expressly required to represent school districts, (Jaynes v. Stockton, 193 Cal.App.2d 47 [14 Cal.Rptr. 49]), would be expected to both prosecute and defend a school district for violation of section 203 (a school district, of course, is a quasi-municipal corporation). Such results tend toward the absurd. Such results are avoided by giving the term ‘municipal corporation’ its general and unrestricted meaning in section 220.
“For the foregoing reasons, the court holds that the term ‘other municipal corporation,’ as used in Labor Code section 220, means public corporations or quasi-municipal corporations, and that defendant hospital district is included within the meaning of that term.”
In view of the foregoing, the order of dismissal is affirmed.
Anello, J., and De Marco, J., concurred.