[Civ. No. 3496. Fifth Dist. Feb. 15, 1979.]

ANTONIO TORRES et al., Plaintiffs and Appellants, v.
BOARD OF COMMISSIONERS OF THE HOUSING AUTHORITY
OF TULARE COUNTY et al., Defendants and Respondents.

546

**COUNSEL**

Neil J. Roberts, Robert K. Miller, Kathy Popoff, Nancy E. Sams and Stephen R. Elias for Plaintiffs and Appellants.

Lloyd L. Hicks for Defendants and Respondents.

## OPINION

HOPPER, J.— The principal issue in this case is which open meeting act, if any, applies to a housing authority created pursuant to Health and Safety Code section 34200 et seq. Our conclusion is that such an entity· is a "local agency" within the Ralph M. Brown Act (Gov. Code, § 54950 et seq., hereinafter Brown Act) and is not a "state agency" within the State Agency Open Meeting Act (Gov. Code, § 11120 et seq., hereinafter State Act).

Appellant Antonio Torres, other named individuals, and the Tulare County Tenants Union (hereinafter Tenants Union) filed a complaint for declaratory and injunctive relief. The matter was submitted on stipulated facts as follows:

Housing Authority of Tulare County (hereinafter Housing Authority) owns and operates Woodville Farm Labor Center pursuant to Health and Safety Code section 36050 et seq. Tenants Union is an unincorporated association of low income tenants in Tulare County whose members include some tenants of the Woodville Farm Labor Center. Tenants Union provided services to Woodville Farm Labor Center tenants from a mobile trailer located on Housing Authority property. These services ranged from interpreting and filling out government forms of a wide variety to lay representation before administrative bodies.

In August and October 1973 the governing board (hereinafter Board) of Housing Authority received reports from the Housing Authority's executive director and assistant executive director that the trailer was being utilized in violation of a condition of the use agreement made with Tenants Union. The issue was discussed at the October 1973 meeting by the Board and the president of Tenants Union. One of the Board commissioners stated a decision would have to be made but no action was taken at that meeting.

A regularly scheduled and properly noticed meeting was held on May 15, 1974. The agenda for that meeting made no reference to any proposed decision or action regarding the trailer. No notice was given that the subject of the trailer would be discussed at the meeting. Although there

were occasional deviations, it was the usual practice of the Board to adjourn the meeting without further action after conclusion of the attorney-client conference which was always the last item on the agenda. Three Tenants Union representatives were present at that meeting.

The Tenants Union representatives and Commissioner Keefe left the meeting at the beginning of the attorney-client conference and did not return. Commissioners Ynigues, Sturgeon and Keefe had no notice the subject of the Tenants Union trailer would be discussed at the May 15, 1974, meeting. It is not known whether Commissioner Nelson had such notice and it is also unknown whether or not Commissioner Graves intended before the meeting to raise the subject at the meeting.

Following the attorney-client conference the Board reconvened at the request of Commissioner Graves, and after considering the matter of the Tenants Union trailer, voted unanimously among those present to terminate the license for use of the trailer on Housing Authority property.

The removal of the trailer was not an unforeseen emergency condition.

At trial appellants contended that Housing Authority was required to abide by the State Act; that such act was violated by lack of notice of the action on the trailer and by adding items to the agenda, absent unforeseen emergency conditions. At oral argument on appeal, appellants' contention that the violation invalidated the action was withdrawn and appellants now only seek declaratory relief. Housing Authority contended both at trial and on appeal that the State Act did not apply, and even if it did, that the action taken was not in violation of any open meeting act. Housing Authority further argued on appeal that Tenants Union is precluded from raising arguments based on the Brown Act by failure to raise that contention at trial. While it is not entirely clear that the Brown Act argument was raised below, the conclusions of law, findings of fact and judgment below are based on the applicability of the Brown Act and a full consideration of this appeal necessitates a consideration of that issue. At trial Housing Authority cross-complained for ejectment. The parties agreed that if Tenants Union's contentions were not upheld, Housing Authority would be entitled to a judgment of ejectment, but that its claim for damages was waived. The trial court found in favor of Housing Authority and awarded Housing Authority judgment on its cross-complaint.

The precise issue of which open meeting act, if any, applies to a housing authority does not seem to have been previously decided in California.

The State Act applies to state agencies as defined in Government Code section 11121. That section provides as follows: § 11121. "As used in this article 'state agency' means every state board, or commission, or similar multimember body of the state which is required by law to conduct official meetings, but does not include . . . districts or other local agencies whose meetings are required to be open to the public pursuant to the [Brown Act]."

The Brown Act applies to local agencies as defined in Government Code section 54951, which provides as follows: § 54951. "As used in this chapter, 'local agency' means a county, city, whether general law or chartered, city and county, town, school district, municipal corporation, district, political subdivision, or any board, commission or agency thereof, or other local public agency."

█ In view of the legislative policy expressed in both the Brown Act and the State Act we conclude that the Legislature intended that all agencies be included in some open meeting act unless expressly excluded. Consequently, we are not persuaded that a housing authority is to be excluded from all of such acts.

█ While a housing authority may be a state agency for some purposes (see, e.g., *Housing Authority* v. *City of L.A.* (1952) 38 Cal.2d 853 [243 P.2d 515]; 21 Ops.Cal.Atty.Gen. 40, 42 (1953)) if it is within the Brown Act's definition of a local agency, it is simply not included within the State Act. We hold that a housing authority created by Health and Safety Code section 34200 et seq. is included within the statutory definition of a local agency under the Brown Act in that it is either an "other local public agency" or a "municipal corporation" or both, as those terms are used in Government Code section 54951. Wherever possible, without destroying the intent of legislation, words of a statute should not be deemed to be ineffectual, meaningless or superfluous (*Prager* v. *Isreal* (1940) 15 Cal.2d 89, 93 [98 P.2d 729]). Every word in a statute is to be given meaning if possible. █ The term "municipal corporation" is broader than the term "city," particularly when the term "city" already appears in the applicable statute. (See *Siler* v. *Industrial Acc. Com.* (1957) 150 Cal.App.2d 157, 162 [309 P.2d 910]; *Division of Labor Law Enforcement* v. *El Camino Hosp. Dist.* (1970) 8 Cal.App.3d

Supp. 30, 33 [87 Cal.Rptr. 476].) In order to give meaning to the term "municipal corporation" in Government Code section 54951 we hold that such term is not restricted to its technical sense of a "city," general law or charter, but rather includes such entities as housing authorities. (See *Merchants Bank* v. *Escondido Irr. Dist.* (1904) 144 Cal. 329, 333 [77 P. 937].) Such a holding is also in harmony with the intended broad coverage of the Brown Act. In addition, a housing authority is local in scope and character, restricted geographically in its area of operation, and does not have statewide power or jurisdiction even though it is created by, and is an agent of, the state rather than of the city or county in which it functions. Respondents are correct in noting that no housing authority has statewide powers or jurisdiction and is in fact subject to some regulations by a state agency with statewide jurisdiction (e.g., the Department of Housing and Community Development (see Health & Saf. Code, § 50400, formerly Health & Saf. Code, § 37050) pursuant to Health & Saf. Code, § 36071 enforces rules and regulations on the Farm Labor Center Law (Health & Saf. Code, § 36050 et seq.)).

Furthermore, as perceptively noted by the trial court, the placement of Government Code section 11120 and its history is some persuasive indication that the State Act was meant to cover executive departments of the state government and was not meant to cover local agencies merely because they were created by state law. A housing authority is no more a state agency under these acts than is a city or a county. The fact that such entities from time to time administer matters of state concern may make them state agents for such purposes but not state agencies under the open meeting acts.

Adopting the construction of the statutes as we do, it is unnecessary to rely on cases considered below such as *Adler* v. *City Council* (1960) 184 Cal.App.2d 763 [7 Cal.Rptr. 805] and its progeny which is based in part on dictum in *Gowanlock* v. *Turner* (1954) 42 Cal.2d 296, 301 [267 P.2d 310]. Nor do we consider the present viability of those cases in the light of *People* v. *McGee* (1977) 19 Cal.3d 948, 962, footnote 5 [140 Cal.Rptr. 657, 568 P.2d 382], which disapproved that dictum (see also *Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 910, fn. 5 [136 Cal.Rptr. 251, 559 P.2d 606]).

We also leave to another more appropriate time and circumstances a consideration of a matter not raised below as to the possible application of the attorney-client privilege to the particular action taken by the Board in this case (see Evid. Code, § 954).

The Brown Act was not violated in this case. Unlike the State Act, there are no agenda requirements under the Brown Act for a regular meeting. A notice in the nature of an agenda, limited to Board members and requesting newspapers, radio or television stations, is required under the Brown Act for special meetings (Gov. Code, § 54956; see also 61 Ops.Cal.Atty.Gen. 323, 325, fn. 2 (1978)). While the record is not entirely clear as to what procedures took place in the instant case, we assume that the law was properly followed in that there was no adjournment as such of the meeting prior to the attorney-client conference. The better and safer practice is to merely recess the meeting for the attorney-client conference and then reconvene for any further business. Otherwise, further business could not take place without a notice under Government Code section 54956 being required because the regular meeting would have been completed. While it may have been the general practice of the Board in the past to adjourn without further business being transacted after the attorney-client conference, the stipulated facts indicate that such a practice was not universal. We are not persuaded that anyone could reasonably rely on the practice being followed in every situation. Although, as the trial court noted, the action of the Board might have left something to be desired in the area of public relations, the law was not violated.

The judgment is affirmed.

Brown (G. A.), P. J., and Creede, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.