805 P.2d 475

The **BOISE-KUNA IRRIGATION DISTRICT, Nampa & Meridian Irrigation District, New York Irrigation District, Wilder Irrigation District, and Big Bend Irrigation District, Petitioners–Appellants,**

v.

**IDAHO STATE TAX COMMISSION, Respondent.**

No. 18387.

Supreme Court of Idaho,
Boise, December 1990 Term.

Feb. 8, 1991.

Hawley, Troxell, Ennis & Hawley, Eugene A. Ritti (argued), Boise, for petitioners-appellants.

Jim Jones, Atty. Gen., Carl E. Olsson, Deputy Atty. Gen. (argued), Boise, for respondent.

PER CURIAM.

After reviewing the record and the briefs and hearing oral argument on the matter, we are convinced that the district judge, D. Duff McKee, has correctly resolved the issue in a scholarly well-reasoned opinion which we would not presume to surpass:

This case presents a single issue of significant impact. The petitioners are a consortium of irrigation districts. They collectively have constructed and operate a hydroelectric generating facility at the Lucky Peak Dam near Boise, and within Ada County, pursuant to a permit issued by the Federal Energy Regulatory Commission. While a portion of the electricity generated at this facility is used internally by the irrigation districts, most of the power generated is sold by the consortium to the City of Seattle, Washington. It is estimated that the revenues generated from the sale of this excess power will approximate $4.5 million annually. This power generating facility was constructed at a cost of approximately $78 million, and was completed in October of 1988.

The Tax Commission determined that this facility was not within the exemption from ad valorem taxation available to the irrigation districts, and initially assessed the facility with a valuation for tax purposes of $63 million. In proceedings before the Tax Commission, sitting as a board of equalization, this valuation was subsequently adjusted to $36,465,000. The basis of the adjustment was the decision by the Tax Commission concerning those parts of the power generating facility which were in fact related to the exempt portions of petitioners' operations, and the impact on value thereof.

Petitioners instituted this action to contest the determinations of the Tax Commission. In the instant motion, petitioners submit the threshold issue of whether the hydroelectric facility is subject to ad valorem taxation at all, and thus subject to the allocation procedures followed, or whether the facility is entirely exempt from ad valorem taxation under the relevant provisions of the Idaho statutes, or upon the constitutional exemptions contained within Article Seven of the Constitution of the State of Idaho.

While other statutes bear on the issue, the question turns on the interpretation of Idaho Code Section 63–105I, which defines the tax exemption available to irrigation districts. Subsection one of the statute provides that water rights for the irrigation of lands are exempt from tax, and does not apply here. Subsection two of the statute provides that the actual canals, ditches, pipelines, flumes, aqueducts, reservoirs, dams and any other necessary facility used *primarily* for the conveyance, storage or providing of water to irrigated lands is exempt. Subsection two further provides that *if any such property is used for purposes other than as defined, then the assessor is to determine the value of the entire property, and assess ad valorem taxes against the proportionate part of such property that is devoted to other such uses.*[1] It would appear that this is the section and provision followed by the Tax Commission in making the allocations and assessments under examination in this case.

Plaintiff, however, maintains that the third subsection applies, and that, under the interpretation it advances, all of the property should be deemed exempt.

Plaintiff maintains that the definitions of the third subsection are broader than the definitions of the second subsection, and that the hydroelectric facility is within the reach of the term 'irrigation project' or 'irrigation system' and is, therefore, exempt.

Despite the articulate and carefully constructed arguments of petitioners' able counsel, I am not persuaded. I conclude that the plain meaning of the term 'irrigation project' or 'irrigation system' must be confined to a project or system constructed and operated for the purpose of irrigation; the terms do not reach a project or system constructed or operated for the purpose of generation of hydroelectric power.

I am persuaded that the hydroelectric facility constructed and being operated by the petitioners in this case falls within the provisions of I.C. § 63–105I(2), in that the facility consists of property of the districts which is being 'used for purposes other than irrigation of lands or the conveyance, storage or providing of water....' It is not within the provisions of I.C. § 63–105I(3), in that the hydroelectric facility is not 'operating property' which is being 'owned, used, operated or occupied primarily for the maintenance and operation of such irrigation project....'

I am not persuaded by the argument that, since the districts have been authorized by the legislature to utilize tax exempt bonds for the construction of hydroelectric facilities, the facilities themselves once constructed should be exempt from ad valorem taxation. I am instead persuaded by the Tax Commission's contentions, based upon the au-

---

1. In passing we note the similarity of I.C. § 63–105I(3) and I.C. § 63–105C, which latter section was applied by this Court in *Bogus Basin v. Boise County Board of Equalization*, 118 Idaho 686, 799 P.2d 974 (1990). I.C. § 63–105C states in part:

[P]rovided, that if any building or property belonging to any such corporation or society is leased by such owner or if such corporation or society uses such property for business purposes from which a revenue is derived which, in the case of a charitable organization, is not directly related to the charitable purposes for which such charitable organization exists, then the same shall be assessed and taxed as any other property, and if any such property is leased in part or used in part by such corporation or society for such purposes the assessor shall determine the value of the entire building and the value of the part used or leased for commercial purposes.

thorities they cite, that the issues are totally unrelated.

I decline the invitation to revisit *Lewiston Orchards Irrigation District v. Gilmore*, 53 Idaho 377, 23 P.2d 720 (1933), and reconsider the issue of whether or not irrigation districts are in fact governmental subdivisions and thus constitutionally exempt from tax. I will note that the issue has been raised, and is preserved for consideration on further appeal. But if *Lewiston Orchards* is to be reversed, it must be by a higher court, not here.

This is a case of clear first impression, and no authorities were cited, nor could any be found upon independent research, which directly addressed the issue presented. I am concluding that the issue is resolved upon the general and well established principles that statutes are to be given their plain, ordinary and rational meaning, *State ex rel Evans v. Click*, 102 Idaho 433 [443, 631 P.2d 614] (1981), that statutes granting tax exemptions are to be strictly construed against the taxpayer, and that such statutes ought not be extended by judicial construction to create an exemption not specifically authorized by the legislature, *Appeal of Sunny Ridge Manor, Inc.*, 106 Idaho 98 [675 P.2d 813] (1984). While there may be sound policy reasons for petitioners' petition, the arguments should be directed to the legislature, not the courts.

District Court Memorandum Decision, R. 35–39.

We add only that we, too, decline appellants' invitation to overrule *Lewiston Orchards Irrigation Dist. v. Gilmore*, 53 Idaho 377, 23 P.2d 720 (1933). We adopt Judge McKee's opinion as the opinion of this Court.

The judgment of the district court is affirmed. Costs to respondent.